**Jasvir SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–70132.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 19, 2011.

Jasvir Singh, San Francisco, CA, pro se.

Michael Christopher Heyse, Trial, John Hogan, Senior Litigation Counsel, Kiley L. Kane, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jasvir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination. *Rivera v. Mukasey,* 508 F.3d 1271, 1274 (9th Cir.2007). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Singh failed to establish extraordinary circumstances excusing his untimely filed asylum application because that finding was based on disputed facts. *See* 8 U.S.C § 1158(a)(3); *cf. Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam) (exercising jurisdiction to consider one-year bar where facts were undisputed). Accordingly, we dismiss Singh's asylum claim.

Substantial evidence supports the agency's adverse credibility determination based on the omissions from Singh's father's affidavit of Singh's older brother's mistreatment by the police, the filing of a complaint concerning the mistreatment, and Singh's father's detention. *See Goel v. Gonzales,* 490 F.3d 735, 739 (9th Cir.2007) (inconsistencies between testimony and documentary evidence support an adverse credibility finding where inconsistencies go to the heart of the claim). Singh's explanation for these omissions does not compel a contrary conclusion. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). Accordingly, in the absence of credible testimony, Singh's withholding of removal claim fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh's CAT claim is based on testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured in India, his CAT claim also fails. *Id.* at 1156–57.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DIS-MISSED in part; DENIED in part.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.